UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MMC ENERGY, INC.,

                      Plaintiff,

        -against-                    08 Civ No. 4353 (DAB)

KARL W. MILLER,

                      Defendant.

---

**MEMORANDUM OF LAW IN OPPOSITION**
**TO MOTION FOR DEFAULT JUDGMENT**

CHADBOURNE & PARKE LLP
Attorneys for Defendant
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100

Thomas J. Hall
Bernadette K. Galiano

        Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MMC ENERGY, INC.,

                      Plaintiff,

        -against-                      08 Civ No. 4353 (DAB)

KARL W. MILLER,

                      Defendant.

**MEMORANDUM OF LAW IN OPPOSITION**
**TO MOTION FOR DEFAULT JUDGMENT**

        Defendant Karl W. Miller ("Miller") respectfully submits this memorandum of law in opposition to the motion of plaintiff MMC Energy, Inc. ("MMC") for judgment by default. As set forth below, because Miller's time to respond to the Complaint has not yet expired, the Court should deny the motion and strike the Entry of Default by Clerk dated July 2, 2008 (the "Entry of Default").

**ARGUMENT**

**A.**    **MMC Failed To Effect Service Under Rule 4(e)(2)(B)**

        MMC purports to have effectuated service on June 4, 2008 by "leaving a copy of the Summons and Complaint at the Defendant's dwelling with Joe Hearne, *a co-resident of the Defendant*[1] and a person of suitable age and discretion." Affidavit of

---

[1]    Unless otherwise indicated, emphasis is added throughout this memorandum.

Brian S. Kaplan, sworn to July 3, 2008 ("Kaplan Aff."), ¶ 5.  While Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure allows service upon an individual by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion *who resides there*," Joe Hearne does not reside at Miller's dwelling or usual place of abode.  See Declaration of Karl W. Miller dated July 9, 2008, ¶ 2.  At the time of the purported service, Miller's residence was in Florida and Mr. Hearne's residence was in North Carolina.  Id.  Because Joe Hearne is not Miller's "co-resident," service was not effectuated under Rule 4(e)(2)(B).  See Hardy v. Kaszycki & Sons Contractors, Inc., 842 F. Supp. 713, 717 (S.D.N.Y. 1993) (service not valid where recipient of process did not reside at the defendant's apartment). Accordingly, Miller was not required to respond to the Complaint within twenty days after June 4, 2008, and has not defaulted in this action.

**B.    Miller Is Not Required to Respond to the Complaint Before July 23, 2008**

Recognizing that service under Rule 4(e)(2)(B) was inadequate, MMC has pursued service of the Summons and Complaint pursuant to New York State rules. Specifically, MMC asserts that it mailed a copy of the Summons and Complaint to Miller in addition to leaving a copy at his purported residence with Joe Hearne.  Kaplan Aff. ¶ __.  MMC thus asserts service was effectuated under Rule 4(e)(1) of the Federal Rules of Civil Procedure, which allows a plaintiff to serve an individual pursuant to state law for serving process in the courts of general jurisdiction where the district court is located. New York CPLR Section 308(2) provides:

2

> "Personal service upon a natural person shall be made by delivering the summons within the state[2] to a person of suitable age and discretion at the actual . . . dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence . . . proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; *service shall be complete ten days after such filing*. . . ."

MMC purportedly mailed the Summons and Complaint to Miller on June 16, 2008, and filed proof of service with the Clerk of the Court on June 23, 2008. Kaplan Aff. ¶ 5. As such, under CPLR Section 308(2), service would be complete ten days after MMC filed its proof of service -- July 3, 2008. Under this formulation, Miller has twenty days from July 3 to respond to the Complaint, or until July 23, 2008, and thus has not defaulted in this action.

---

[2]   CPLR Section 313 allows service upon a person subject to the jurisdiction of the New York courts in the same manner as service is made within the state.

## CONCLUSION

For all the foregoing reasons, the Court should deny MMC's motion for a default judgment and strike the Entry of the Default.

Respectfully submitted,

CHADBOURNE & PARKE LLP

By  /s/ Thomas J. Hall
Thomas J. Hall  (TH 3398)
A Member of the Firm
Attorneys for Defendant
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100

Thomas J. Hall
Bernadette K. Galiano

　　　Of Counsel

July 18, 2008

4